UNITED STATES of America,
Plaintiff,

v.

MANUFACTURERS RAILWAY COM-
PANY, Defendant.

No. 59 C 163 (3).

United States District Court
E. D. Missouri, E. D.

Oct. 21, 1960.

William H. Webster, U. S. Atty., St. Louis, Mo., Henry L. Hilzinger, Atty., I. C. C., Washington, D. C., for plaintiff.

Albert E. Schoenbeck, St. Louis, Mo., for defendant.

WEBER, District Judge.

The United States of America, by the United States Attorney for this district, upon the suggestion of the Attorney General of the United States, at the request of the Interstate Commerce Commission and upon information furnished by the Commission brings this action against defendant, a common carrier engaged in interstate commerce, for civil damage for violation of Safety Appliance Act regulations, as provided in §§ 1–10, inclusive, Title 45 U.S.C.A., and more particularly for the operation of a freight train when the air brakes on each car in the train had not been inspected and tested as required by § 9, Title 45 U.S.C.A. Plaintiff seeks recovery of damages in the amount of $250.00 for the violation which is alleged to have occurred on March 27, 1959.

A stipulation of facts was filed and it sets forth: that on the date in question defendant operated its train on a movement of less than 20 miles from its yard in St. Louis, Missouri, to a point of interchange at East St. Louis, Illinois; that before making said movement the air brake hoses were coupled between all cars in the train, the brake system was charged by the locomotive engineer by automatic brake valve manipulated in the cab of the engine and pressure was built up to 60 pounds or more; that when the pressure reached 60 pounds or more the car inspector airman at the rear of the train gave a "brake set" signal to the engineer who then manipulated the valves to make a 15 pound service brake pipe reduction; the car inspector at the rear of the train then inspected the air brake on the rear car and observed the brake shoes come in contact with the wheels; that no other inspection was made on any other car; that the brakes were then released by the engineer upon the inspector's signal from the rear of the train, the brakes on the rear car were observed to release, the yard master was notified and the train was directed to and did depart.

The stipulation further sets forth that the inspector's examination indicated that the engineer caused the air brakes

on the rear car to apply and release; that the brakes on that car were operative and that there was air pressure in train line, or brake pipe, for each car of the train.

Testimony was introduced in addition to the stipulation and that testimony disclosed that such a manner of inspection had been the custom among railroads in this area on movements not exceeding 20 miles. The testimony further disclosed that although air pressure might be present in the brake system from the head to the rear of the train, yet *it could not be determined if the brakes on each car actually set and released without visual examination.* (Emphasis supplied.)

The testimony further disclosed that an ICC safety and service agent made an inspection of this train by walking back along the train checking the brakes. He found that the brakes on one car within the first five or six had not applied. The brakes were then released and he had no opportunity to inspect further than these five or six cars.

### Problem Involved

Congress, in 1958 by amendment to § 9 aforesaid, directed the Interstate Commerce Commission to apply the rules for inspection, testing and maintenance of air brake equipment on locomotives and cars as adopted and approved by the Association of American Railroads. The Association has two rules which are before the Court and pertinent to the issues in this case: first, Rule 25, which applies to the inspection and test required for train movements of more than 20 miles and which rule was adopted by the Interstate Commerce Commission under authority of the Safety Appliance Act aforesaid as § 132.12(a) to (h); and second, Rule 44, which applies to train movements not exceeding 20 miles and which rule was adopted by the Commission as § 132.13(e) (1), (2).

Section 132.13(e) (1) reads as follows:

"Transfer train and yard train movements not exceeding 20 miles, must have the air brake hose coupled between all cars, and after the brake system is charged to not less than 60 pounds, a 15 pound service brake pipe reduction must be made *to determine* that the brakes are applied on each car before releasing and proceeding." (Emphasis supplied.)

Section 132.12(b) (1) provides that in freight train movements of over 20 miles and at points of origin and interchanges, after the air brake system is charged:

"* * * to within 15 pounds of the setting of the feed valve on the locomotive, but to not less than 60 pounds, as indicated by an accurate gauge at rear end of train, * * *, and upon receiving the signal to apply brakes for test, a 15 pound brake pipe service reduction must be made in automatic brake operation, the brake valve lapped, and the number of pounds of brake pipe leakage per minute noted as indicated by brake pipe gauge, after which brake pipe reduction must be increased to full service. Inspection of the train brakes must be made to determine that angle cocks are properly positioned, that the brakes are applied on each car, that piston travel is correct, that brake rigging does not bind or foul, and that all parts of the brake equipment are properly secured. When this inspection has been completed, the release signal must be given and brakes released and each brake inspected to see that all have released."

The defendant contends that as the wording in § 132.12(b) (1) requires an "inspection", and as § 132.13(e) (1) does not include the word "inspection" and requires the charging and reduction of the line "to determine" that the brakes are applied, all the train crew has to do on movements under 20 miles is to charge the system and make the service brake pipe reduction. The plaintiff contends that the charging and reduction must be made, but it must be "determined" that the brakes are applied on each car before releasing and it can only be determined by a visual inspection.

This places upon the Court the problem of the interpretation of the regula-

tions of the Interstate Commerce Commission and the specific proposition of whether defendant's action in not visually inspecting the brakes on each car constitutes a violation of the regulation as charged in the Petition. It is the Court's conclusion that defendant's act was a violation.

### Conclusions

It is the conclusion of this Court that as this matter falls within the Safety Appliance Act, and therefore involves the safety of lives and property and is of public interest, the intention of the Act and the regulations thereunder should be determined to that end.

It is the further conclusion of this Court that the regulation in question (§ 132.13(e) (1)), an air brake testing regulation for train movements under 20 miles, was intended to determine the application of all brakes upon the train in order to provide the safety contemplated in the Act.

It is the further conclusion of this Court that the section aforesaid provides for a determination of the application of brakes and therefore is not as inclusive and comprehensive as § 132.12 of the regulations of the Interstate Commerce Commission. That in the latter section (for train movements of over 20 miles) provision is made for determination of pressure in the brake system, proper positioning and security of the brake equipment and in addition, the releasing of the brake equipment.

It is the further conclusion of this Court that under the facts in this case, determination of application of brakes upon charging and reduction of the brake pipe line can be made visually only; that the charging and reduction within the brake system, without visual inspection to determine application would be an inadequate test and not within the intention of the regulation; that the charging and reduction of the brake pipe system, as required by § 132.13(e) (1) is the preliminary to the determination of application of the brakes on each car and must be done to enable the train crew "to determine" that the brakes are applied on each car and such determination can only be made by visual inspection; that such visual inspection, under this section, is only for the determination of application and no further inspection of positioning, security or releasing is needed.

It is the further conclusion of this Court that the charging and reduction of the brake pipe line on March 27, 1959, without determination by the crew that the brakes on each car were applied, was a violation of 132.13(e) (1) and therefore a violation of § 9, Title 45 U.S.C.A., and imposes liability by defendant to plaintiff.

Judgment shall be entered sustaining plaintiff's Petition and awarding the sum of $250.00 as provided in § 6, Title 45 U.S.C.A., and for costs.